UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGELES HERNANDEZ-MELENDEZ, et al.,

    Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 3:14-cv-01493 (JAF)

**OPINION AND ORDER**

This matter is before the court on Plaintiffs' request for attorney's fees as the prevailing party in the litigation of an administrative proceeding under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400-85. (Docket No. 1). Defendants object to the reasonableness of the requested fees. (Docket No. 8). At the request of the court, Plaintiffs updated their fee request to include all fees and costs incurred to date. (Docket No. 13.)

In the verified complaint, Plaintiffs request an award of the attorney's fees and costs incurred in administrative proceeding number 2013-069-046, plus additional fees and costs incurred in the present litigation. (Docket No. 1 at 5.) Plaintiffs seek fees computed at an hourly rate of $135 per hour for 27 hours ($3,645) through June 16, 2014, plus an additional $850.50 incurred since the filing of the verified complaint (Docket No. 13-1), plus $522.05 in costs, for a total request of $5,017.55

Defendants object to the request arguing that Plaintiffs are entitled to only $2,968.25 of their initial fee request. Plaintiffs filed the bill of costs and updated fee

request on August 13, 2014. (Docket Nos. 11 and 13.)  As of the date of this Order, Defendants did not reply.  The court notes that the difference between the initial requested amount and the amount Defendants deem reasonable is less than $700.

20 U.S.C. § 1415(i)(3)(B) provides that "[i]n any action or proceeding brought under [section 1415 of the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." "Under the IDEA, . . . the aggrieved child's parents . . . . may seek attorneys' fees as prevailing parties" through its fee-shifting provision. *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 18 n.1 (1st Cir. 2005). The fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C). The First Circuit has explained that the IDEA's fee-shifting provision should be interpreted in a manner consistent with the fee-shifting statute of the Civil Rights Act, 42 U.S.C. § 1988(b), and other similar fee-shifting statutes. *Doe v. Boston 2 Pub. Sch.*, 358 F.3d 20, 26 (1st Cir. 2004).

Defendants do not dispute that Plaintiffs are the parents of a child with a disability who was the prevailing party in the underlying administrative proceeding.  There is no dispute that Plaintiffs are entitled to reasonable attorney's fees and costs.  "Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." *See Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) (*citing Hensley*, 461 U.S. at

433). The First Circuit has adopted the "lodestar approach," in which "the trial judge must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id*. (*citing Hensley*, 461 U.S. at 433). In the lodestar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Id*. (*citing Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992)).

The logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." *Id*. In addition, after calculation of the initial "amount of the award, attorney's fees may be reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." *Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino*, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (*quoting Ramos v. Davis & Geck, Inc*., 968 F. Supp. 765, 775 (D.P.R. 1997)) (internal quotation marks omitted)).

Defendants do not challenge the reasonableness of counsel for Plaintiffs' hourly rate of $135. Based on Attorney Francisco J. Vizcarrondo-Torres' expertise and experience, the rate of $135.00 per hour is found to be appropriate, if not at the lower end for attorneys in the Puerto Rico community. *See Zayas v. Puerto Rico*, 451 F. Supp. 2d 310, 316 (D.P.R. 2006) (Noting, eight years earlier, that the range for Puerto Rico attorneys practicing in this type of litigation was from $200 to $110 per hour).

Defendants ask this court to subtract time they have deemed clerical, excessive or duplicative, unproductive, or "otherwise unnecessary." (Docket No. 8.) With respect to specific time entries, Defendants take issue with Plaintiffs' counsel using 3.4 hours preparing for the administrative hearing, 1.8 hours meeting with the client in preparation for the administrative hearing, and 9.1 hours reviewing the evidence and drafting the administrative complaint and other documents. Defendants ask the court to apply a 40% reduction in the amount of time spent on the case, arguing that the time spent reviewing and drafting documents and planning and preparing for the administrative hearing was excessive. The court disagrees. It is noted that the most common reason for reducing the number of hours in a fee request is to account for limited success in the underlying matter. That reduction is not applicable in this case. The court finds that counsel for Plaintiffs' time entries for reviewing and drafting documents and preparing for the administrative hearing are not excessive.

Defendants also ask the court to reduce the attorneys' fees award for various communications between counsel and Plaintiffs claiming the communications are unnecessary, redundant, unproductive, excessive, and vague. (Docket No. 8 at 4). The court disagrees. Over the course of nine months, the communications totaled around 6 hours. In a case such as this, where the parents bring the litigation on a child's behalf, one expects the parents to have questions, require clarification, and provide information piecemeal. The total communications amount to an average of just 40 minutes per month. The court does not find this excessive.

Upon review of the specific entries, the court further finds that they are not vague, redundant, unnecessary, or unproductive. Each of counsel for Plaintiffs' time entries provides a brief description of the purpose of the communication while not disclosing the specifics of the attorney-client communication, *e.g.*, "clarifying client's multiple case related inquiries" and "clarifying multiple client inquiries concerning document contents and ongoing meeting with DOE's personnel." Although "response to client's e-mail" may at first seem vague, when read in connection with the preceding entry from the same day "review e-mail communication … enclosing comments to final resolution," the purpose of the e-mail response becomes clear. Accordingly, Defendants' objection to counsel for Plaintiffs' time entries as unnecessary, redundant, unproductive, excessive, and vague is not well-taken.

Finally, the court agrees with Defendants that Plaintiffs have included time entries for clerical tasks. It is well established that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992). Certain entries request attorneys' fees for drafting e-mail communications for the purpose of acknowledging receipt of documents sent by Plaintiffs to counsel. For example, on October 29, 2013, counsel's entry describes the task of "draft[ing] e-mail communication to Mrs. Angeles Hernandez re: acknowledging receipt of supplemental documents." Other entries document counsel's tasks of emailing digital copies of documents to Plaintiffs. In addition to the October 29, 2013, entry referenced above, Defendants identify five instances where Plaintiffs' counsel billed for tasks that are clerical in nature. The court agrees with Defendants that Plaintiffs

improperly seek fees for these time entries. Accordingly, the court deducts $121.50 for these clerical tasks.

Having reviewed the briefs and accompanying documentation, the court finds Plaintiffs' fee request is reasonable and, hereby, GRANTS Plaintiffs' request for attorneys' fees as the prevailing party in the underlying administrative proceeding on behalf of their minor child. Plaintiffs are awarded $4,374.00 in attorneys' fees and $522.05 in costs, totaling $4,896.05, plus interest. Defendants are jointly and severally liable to Plaintiffs in the amount of $4,896.05, plus any interest accrued.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of August, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE